# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLSTATE PROPERTY AND CASUALTY )
INSURANCE COMPANY,                )
                                  )
        Plaintiff,              )
                                  )
   v.                             )   Civil Action No. 11-4
                                  )   Judge Nora Barry Fischer
DARRELL OWENS,                    )
                                  )
        Defendant.              )

## MEMORANDUM OPINION

This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 ("Act"). Jurisdiction is predicated upon diversity of citizenship under 28 U.S.C. § 1332. Plaintiff, Allstate Property and Casualty Insurance Company ("Plaintiff"), seeks a determination that its insured, Defendant Darrell Owens ("Defendant"), is not entitled to uninsured motorist benefits for injuries he sustained in an automobile accident because the vehicle which allegedly struck Defendant was not an "uninsured" vehicle under the policy number 90806235402-21 (the "Policy"). (Docket No. 1 at 2-4). For the reasons stated below, this Court declines to exercise jurisdiction over this action.

"The Declaratory Judgment Act does not mandate that federal district courts exercise jurisdiction over every declaratory judgment action." *Allstate Ins. Co. v. Seelye*, 198 F. Supp. 2d 629, 630-31 (W.D. Pa. 2002). The Act provides, in relevant part, that a court "*may* declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201 (emphasis added).[1]

---

[1] In pertinent part, the Declaratory Judgment Act provides:

> [i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration,

Accordingly, the jurisdiction conferred by the Act is discretionary, and district courts are under no compulsion to exercise it. *State Auto Ins. Cos. v. Summy*, 234 F.3d 131, 133 (3d Cir. 2000) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494 (1942); *accord Wilton v. Seven Falls Co.*, 515 U.S. 277, 287-88 (1995) (holding that the Declaratory Judgment Act affords district courts "unique and substantial discretion in deciding whether to declare the rights of litigants")).

The United States Court of Appeals for the Third Circuit has counseled that "federal courts should hesitate to entertain a declaratory judgment action where the action is restricted to issues of state law." *Atl. Mut. Ins. Co. v. Gula*, 84 Fed. App'x 173, 174 (3d Cir. 2003) (citing *Summy*, 234 F.3d at 134-35). In *Summy*, our Court of Appeals stated that "[t]he desire of insurance companies and their insureds to receive declarations in federal court on matters of purely state law has no special call on the federal forum." *Summy*, 234 F.3d at 136. Indeed,

> [T]he state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts.

*Id*.

Importantly, the sole issue of insurance coverage in this case presents no federal question, nor promotes any federal interest. Indeed, this action presents the common case of an insurance company coming to federal court, under diversity jurisdiction, to receive declarations on purely state law matters. This weighs heavily against the Court exercising jurisdiction over this declaratory judgment action. *Seelye*, 198 F. Supp. 2d at 631. In addition, "the state's interest in determining issues of state law also weighs against exercising jurisdiction in declaratory

---

whether or not relief is or could be sought. Any such declaration shall have the
force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

judgment actions." *Gula*, 84 Fed. App'x at 175 (quoting *State Auto. Mut. Ins. Co. v. Toure*, No. 02-CV-7986, 2003 U.S. Dist. LEXIS 15495, at *5 (E.D. Pa., Aug. 7, 2003)).

The Court notes that both the Supreme Court in *Wilton* and our appellate court in *Summy* reasoned that a pending parallel state court action is one of the factors that favor declining jurisdiction in declaratory judgment actions. *Wilton*, 515 U.S. at 288-89; *Summy*, 234 F.3d at 135. Here, unlike in *Wilton* and *Summy,* there is no parallel action in the state court. The Supreme Court in *Wilton* did not explicitly address the issue of whether a district court should decline jurisdiction in declaratory judgment actions in the absence of parallel state court proceedings. *Wilton*, 515 U.S. at 290. The *Wilton* court implicitly stated, however, that there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction in a declaratory judgment action. *Id.* at 288 n.2. *Summy* ruled that the existence of a parallel state proceeding, although present there, is not a prerequisite to the district court's proper exercise of discretion to decline jurisdiction over the case. *Summy*, 234 F.3d at 134-35. Rather, it is but one factor that this Court should consider. *Id.*

Thus, although there is no parallel state court proceeding in this case, that factor is not determinative, and in the Court's view, the absence of a parallel state proceeding is clearly outweighed by the lack of any federal interest in this dispute. *See Seelye*, 198 F. Supp. 2d at 632; *see also Dixon v. Progressive N. Ins. Co.*, No. 08-cv-1010, 2008 U.S. Dist. LEXIS 65594, at *6-7 (W.D. Pa., Aug. 27, 2008).

Furthermore, since state law on the issue of construction of the insurance policy language is well settled, there is even less reason for the parties to litigate their dispute in federal court. *Seelye*, 198 F. Supp. 2d at 631. This is particularly true in the instant action because it revolves around the interpretation of the term "uninsured motor vehicle" as found in the Pennsylvania

3

Motor Vehicle Financial Responsibility Law ("MVFRL") defining an "uninsured motor vehicle" as:

> (1) A motor vehicle for which there is no liability insurance or self-insurance applicable at the time of the accident.
>
> (2) A motor vehicle for which the insurance company denies coverage or the insurance company is or becomes involved in insolvency proceedings in any jurisdiction.
>
> (3) An unidentified motor vehicle that causes an accident resulting in injury provided the accident is reported to the police or proper governmental authority and the claimant notifies his insurer within 30 days, or as soon as practicable thereafter, that the claimant or his legal representative has a legal action arising out of the accident.

75 PA. CONS. STAT. § 1702. Moreover, the statute and its predecessor have been in existence more than thirty-five years. *See* 40 PA. STAT. ANN. § 1009.103. Consequently, numerous Pennsylvania state courts, at both the trial and appellate levels, have addressed uninsured motorist benefits. *See, e.g.*, *Vanderhoff v. Harleysville Ins. Co.*, 997 A.2d 328, 330 (2010); *Kiker v. Pa. Fin. Responsibility Assigned Claims Plan*, 742 A.2d 1082, 1088-89 (Pa. Super. 1999); *State Farm Mut. Auto. Ins. Co. v. Kramer,* 2003 WL 23100165, Civ. Act. No. 12321-2002 (Pa. Comm. Pl. 2003). Further, the MVFRL addresses both uninsured and underinsured motorist coverage, including how it should be offered, how it should be rejected, priority, stacking and other related issues. 75 PA. CONS. STAT. §§ 1731, 1733.

In addition, the MVFRL empowers the Insurance Department of Pennsylvania to implement and enforce insurance laws. The Insurance Department is also authorized to promulgate regulations that are considered legally binding on insurers and insureds. 75 PA. CONS. STAT. § 1704; *see* ANTHONY P. PICADIO & BRIDGET M. GILLESPIE, NORTON ON INSURANCE COVERAGE IN PENNSYLVANIA 425-426 (2006). Accordingly, given that this action relates to the

construction of a Pennsylvania statute and that state law is binding in making that determination, the state courts should have the first opportunity to determine the merits of the case and not this federal court.

Finally, while a party's objection to a district court's exercise of jurisdiction in a declaratory judgment is a factor that would support the decision to decline jurisdiction, it is not a necessary one. *Summy*, 234 F.3d at 136. In other words, this Court may decline jurisdiction in a declaratory judgment action *sua sponte*. *Id*.

In conclusion, this dispute is not governed by federal law and there are no federal interests at stake. The state law to be applied is well settled. The Court finds and rules that the state court system is more than capable of resolving this dispute in accordance with its own law. Therefore, under the circumstances of this case, and in the exercise of this Court's discretion, the Court will not exercise jurisdiction over this declaratory judgment action.

For the foregoing reasons, Plaintiff's declaratory judgment action is DISMISSED without prejudice to the parties' right to fully litigate this matter in the appropriate state court. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: January 11, 2011
cc/ecf: All counsel of record.